IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-0122-ZLW-BNB

LYNN JEWELL,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

---

## ORDER

---

    The matters before the Court in this ERISA case are (1) Plaintiff's Motion For Determination Of Law, and its associated "Plaintiff's Additional Evidence In Response To The Judge's Order Of January 14, 2005" and "Plaintiff's Accompanying Brief Regarding Consideration Of Additional Evidence," and (2) LINA's Motion To Strike Expert Testimony Of Mark Anderson.  The Court has reviewed the parties' papers and the applicable legal authority.

    The parties have agreed that a *de novo* standard of review applies in this ERISA case.  Under Hall v. Unum Life Ins. Co. of Am.,[1] where a *de novo* standard applies, the Court's review of the ERISA benefits decision is ordinarily restricted to the materials contained in the administrative record.[2]  However, the Court may allow supplementation

---

[1] 300 F.3d 1197 (10th Cir. 2002).

[2] Id. at 1202.

of the record in "unusual case[s],"[3] "'when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'"[4]  Examples of the "exceptional circumstances" under which a court may decide to exercise its discretion to admit additional evidence may include,

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; . . . the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; [and] instances where the payor and the administrator are the same entity and the court is concerned about impartiality . . . .[5]

However, "[c]umulative or repetitive evidence, or evidence that 'is simply better evidence than the claimant mustered for the claim review' should not be admitted."[6]

Here, Plaintiff seeks the admission of several pieces of evidence outside of the administrative record.  First, Plaintiff submits a February 7, 2005, letter report authored by Bruce H. Peters, M.D.;[7] a February 9, 2005, letter report authored by David U. Caster, M.D.;[8] Plaintiff's own affidavit of February 11, 2005;[9] and a November 30, 1998

---

[3] Id. at 1203.

[4] Id., quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993).

[5] Id., quoting Quesinberry, 987 F.2d at 1027.

[6] Id., quoting Quesinberry, 987 F.2d at 1027.

[7] Plaintiff's Additional Evidence In Response To The Judge's Order Of January 14, 2005, Ex. 1.

[8] Id., Ex. 2.

[9] Id., Ex. 3.

MRI report.[10]  The Court finds that the doctors' reports, the 1998 MRI report, and Plaintiff's affidavit do appear to include some information not contained in the administrative record that could assist the Court in understanding the medical issues in this case.  Thus, the record will be supplemented to include these pieces of evidence.

Second, Plaintiff submits certain sections of Defendant's Claims Policies and Procedures;[11] a July 21, 2004, letter report authored by Mark Anderson, a proposed expert in the field of insurance;[12] and an August 5, 2005, letter report also authored by Mr. Anderson.[13]  At this juncture in the proceedings, before the Court has completed a full review of the merits, the Court finds that the Policies and Procedures *may* be of assistance in analyzing this case.  Thus, the record will be supplemented to include the submitted portions of the Policies and Procedures, and the evidence will be afforded whatever weight it is due.  As to Anderson's reports, Plaintiff contends that the reports are evidence of Defendant's alleged conflict of interest stemming from the fact that Defendant is both the payor and plan administrator.  However, Anderson's opinions go to whether Defendant met the standard of conduct relevant in a state bad faith insurance case.  Such opinions are not germane to any alleged conflict of interest and are irrelevant to whether Defendant complied with ERISA – as opposed to state

---

[10]"Plaintiff's Response To LINA's Brief On Jewell's "Additional Evidence," Ex. 1.

[11]Accompanying Brief Regarding Consideration Of Additional Evidence, Ex. A.

[12]Id., Ex. B.

[13]Id., Ex. C.

insurance law – when it denied Plaintiff long term disability benefits in 2002.  Plaintiff has failed to make any showing that Anderson's opinions are necessary for, or even helpful to, the Court's *de novo* review of the benefits decision in this case under Hall.  Accordingly, it is

ORDERED that Plaintiff's Motion For Determination Of Law (Doc # 50) is granted in part and denied in part.  It is

FURTHER ORDERED that the motion is granted to the extent that the administrative record is supplemented by the February 7, 2005, letter report authored by Bruce H. Peters, M.D., the February 9, 2005, letter report authored by David U. Caster, M.D., Plaintiff's affidavit of February 11, 2005, the November 30, 1998 MRI report, and the sections of Defendant's Claims Policies and Procedures attached as Exhibit A to Plaintiff's Accompanying Brief Regarding Consideration Of Additional Evidence.   It is

FURTHER ORDERED that the motion is denied to the extent that the administrative record will not be supplemented by the July 21, 2004, and August 5, 2005, letter reports authored by Mark Anderson.  It is

FURTHER ORDERED that LINA's Motion To Strike Expert Testimony Of Mark Anderson (Doc. #95) is granted.  It is

FURTHER ORDERED that LINA's Motion For Judgment On the Administrative Record is set for hearing on Thursday, February 16, 2006, at 2:00 p.m. in Courtroom

A801, Eighth Floor, Alfred A. Arraj United States Courthouse, 901 - 19th Street, Denver, Colorado 80294.  It is

FURTHER ORDERED that the February 16, 2006, hearing will not be an evidentiary hearing, and the Court's review will be limited to the parties' briefs, the attorneys' arguments, and the administrative record and supplements thereto which the Court has allowed in this Order.

DATED at Denver, Colorado, this __14__ day of December, 2005.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court