IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-0122-ZLW-BNB

LYNN JEWELL,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

---

ORDER

---

On March 29, 2006, the Court ordered the parties to submit briefs addressing the issue of prejudgment interest. The Court has reviewed the parties' briefs (Doc. Nos. 112, 113, 114, 115) and the authority cited therein. An award of prejudgment interest in an ERISA case must be compensatory only and not punitive.[1] Given prevailing rates of return during the relevant period, the Court finds that a prejudgment interest rate of five percent adequately compensates Plaintiff for his loss of use of the benefits to which he was entitled.[2] Moreover, prejudgment interest in this case properly is calculated with an accrual date of September 30, 2002, the date that Defendant first was notified of Plaintiff's request for reconsideration, not October 2000, since Plaintiff

---

[1] Allison v. Bank One - Denver, 289 F.3d 1223, 289 (10th Cir. 2002).

[2] See Ray v. Unum Life Ins. Co., 2005 WL 1994247 (D. Colo.).

did not challenge the termination of his benefits in October 2000.[3]  The parties agree that the incremental calculation method set forth in Reed v. Mineta[4] applies here.  Accordingly, it is

ORDERED that Plaintiff is awarded prejudgment interest at the rate of five percent.  It is

FURTHER ORDERED that prejudgment interest shall be calculated with an accrual date of September 30, 2002.  It is

FURTHER ORDERED that prejudgment interest shall be calculated on a monthly basis under the formula set forth in Reed v. Mineta.[5]  It is

FURTHER ORDERED that Plaintiff shall file a proposed Judgment in conformity with this Order and the Court's Order of March 9, 2006, approved by both parties as to form, on or before May 30, 2006.

DATED at Denver, Colorado, this   10   day of May, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[3] See Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1287 (10th Cir. 2002).

[4] 438 F.3d 1063 (10th Cir. 2006).

[5] Id.